# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| MELONIE COLEMAN, On Behalf of HERSELF and All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | )  COLLECTIVE ACTION<br>)<br>)  CASE NO. _____ |
| v. | )<br>)  JUDGE _____ |
| RICHANI RESAURANT GROUP, LLC d/b/a JOHNNY BRUSCO'S NEW YORK STYLE PIZZA | )<br>)  JURY DEMAND<br>) |
| Defendants. | )<br>) |

## COLLECTIVE ACTION COMPLAINT

1. Plaintiff Melonie Coleman ("Named Plaintiff") brings this collective action on behalf of herself and all others similarly situated against Defendant Richani Restaurant Group, LLC d/b/a Johnny Brusco's New York Style Pizza (referred to herein as "Richani"), her employer, to recover unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA").

2. Richani operates at least three pizza restaurants of Johnny Brusco's New York Style Pizza in Tennessee. Named Plaintiff and those similarly situated are servers who worked for Richani during the applicable statutory period in at least one of its restaurants in Tennessee.

3. Named Plaintiff brings her FLSA claims on her own behalf and on behalf of all similarly situated employees of Richani as a collective action pursuant to 29 U.S.C. § 216(b).

## JURISDICTION

4. This Court has jurisdiction over Named Plaintiff's claims because they are brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to 28 U.S.C. § 1331.

5. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because the Richani resides in this judicial district and because the claims arose in this judicial district.

## PARTIES

6. Named Plaintiff Melonie Coleman is a resident of Kingsport, Sullivan County, Tennessee and was employed by Richani as a server at its restaurant located in Kingsport, Tennessee from in or around 2008 until June 2017.

7. Defendant Richani is a Tennessee limited liability company with its principal office located at 399 Deerlick Road, Piney Flats, TN 37686-3815. Defendant Richani's registered agent in Tennessee is Chuck Richani and can be served at 399 Deerlick Road, Piney Flats, TN, 37686.

8. Throughout the statutory period covered by this action, Richani employed individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce or are engaged in handling, receiving, selling, or otherwise working on goods or materials that were moved in or produced for interstate commerce. As such, Richani is and was covered by the FLSA.

## FACTS

9. Named Plaintiff and those she seeks to represent in this action were employed as servers for Richani at its restaurants in Tennessee.

10. Richani operates at least three (3) restaurants throughout Tennessee, including, but not limited to, the following Tennessee cities: Bristol, Johnson City, and Kingsport.

11. During the three-year period relevant to this lawsuit, Richani has employed hundreds of servers at their restaurants.

12. From approximately 2008 until June 2017, Named Plaintiff was employed by Richani as a server at its restaurant in Johnson City, Tennessee.

13. Richani paid Named Plaintiff and other servers at its Tennessee restaurants an hourly wage below $7.25. For example, Richani paid Named Plaintiff an hourly wage of $2.50.

14. In seeking to comply with the FLSA mandate that employees receive a minimum wage of $7.25 per hour, Richani purported to utilize a "tip credit" for each hour worked by Named Plaintiff and other servers at Richani Tennessee restaurants. *See* 29 U.S.C. § 203(m). For example, the "tip credit" for Named Plaintiff was $4.75 for each hour worked.

15. When Named Plaintiff and other servers did not earn enough in tips to amount to earning $7.25 per hour, Richani did not pay them any more than the $2.50 hour. This occurred on a regular basis, given the high number of hours Richani required Named Plaintiff and similarly situated servers to work. As a result, Named Plaintiff worked weeks without earning the required hourly minimum wage.

16. Richani's had a policy and practice of requiring Named Plaintiff and its other servers to spend more than 20% of their shift performing non-tip producing work. Such non-tip producing work included, but was not limited to, rolling silverware, stocking the refrigerator with salad dressings and other salad items, chopping salad vegetables, swept, cleaning the walls of restaurants, cleaning the bathrooms, cleaning tables, cleaning restaurant chairs, cleaning restaurant stools, made tea, stocked bottles of beer, vacuumed, cleaning light fixtures and televisions, cleaning game room, cleaning the pictures and photos on the walls, filling salt and pepper shakers, filling parmesan cheese shakers, folding boxes, and filling oregano containers.

## COLLECTIVE ALLEGATIONS

17. Named Plaintiff brings her FLSA claim pursuant to 29 U.S.C. § 216(b) on behalf of all individuals who, during any time within the past three years, were employed as servers at any Richani restaurant in Tennessee.

3

18. Named Plaintiff's FLSA claims should proceed as a collective action because Named Plaintiff and other similarly situated servers, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## CAUSES OF ACTION

### COUNT I
### Violation of the Minimum Wage Requirements of the FLSA

19. All previous paragraphs are incorporated as though fully set forth herein.

20. The FLSA entitles employees to a minimum hourly wage of $7.25.

21. By requiring Named Plaintiff and other servers to spend more than 20% of their work time performing non-tip producing work, Richani's has forfeited its right to utilize the tip credit in satisfying its minimum wage obligations to Named Plaintiff and other servers. As such, Richani has violated the FLSA's minimum wage mandate by paying Plaintiff and other servers an hourly wage below $7.25.

22. Richani has violated the FLSA by failing to ensure that Named Plaintiff and other servers are paid the FLSA-mandated minimum wage for all hours worked. For this reason, Richani has also forfeited its right to utilize the tip credit to satisfy its minimum wage obligations.

23. In violating the FLSA, Richani's has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff prays for the following relief, on behalf of herself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to all similarly situated workers;

C. A finding that Richani violated the FLSA;

D. A finding that Richani's FLSA violations are willful;

E. A judgment against Richani and in favor of Named Plaintiff and similarly situated workers for compensation for all unpaid and underpaid wages that Richani failed and refused to pay in violation of the FLSA;

F. Prejudgment interest to the fullest extent permitted under the law;

G. Liquidated damages to the fullest extent permitted under the FLSA;

H. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA and Federal Rules of Civil Procedure; and,

I. Such other and further relief as this Court deems just and proper in equity and under the law.

## JURY DEMAND

Named Plaintiff demands a jury as to all claims so triable.

Dated: July 20, 2018

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (No. 24968)**
**JOSHUA A. FRANK (No. 33294)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

*Attorneys for Plaintiff*