IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENVILLE DIVISION

| | |
|---|---|
| MELONIE COLEMAN, On Behalf of HERSELF and All Others Similarly Situated, | ) ) ) |
| | ) COLLECTIVE ACTION |
| Plaintiff, | ) ) CASE NO. 2:18-cv-00114-HSM-MCLC |
| v. | ) ) |
| | ) JUDGE MATTICE |
| RICHANI RESTAURANT GROUP, LLC d/b/a JOHNNY BRUSCO'S NEW YORK STYLE PIZZA | ) ) MAGISTRATE JUDGE CORKER ) |
| | ) JURY DEMAND |
| Defendant. | ) |

## JOINT MEMORANDUM OF LAW IN SUPPORT OF THE PARTIES' JOINT MOTION FOR APPROVAL OF THE PARTIES' SETTLEMENT AGREEMENT

Plaintiff and Defendant (collectively, "Parties") submit this brief in support of their Joint Motion for Approval of the Parties' Settlement Agreement.

### I. SUMMARY OF CASE AND PROPOSED SETTLEMENT AGREEMENT

On July 20, 2018, Named Plaintiff Melonie Coleman filed this action on behalf of herself and other servers at Defendant Richani Restaurant Group, LLC's ("Defendant") Johnny Brusco's New York Style Pizza Restaurants to recover unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Specifically, Named Plaintiff Coleman challenged Defendant's reliance on the tip credit provision at Section 3(m) of the FLSA, 29 U.S.C. § 203(m), to pay servers at these restaurants. After negotiation of the parties, Defendant agreed to notice and, ultimately, 29 Plaintiffs have asserted their wage claims in this action.

Plaintiffs' primary claim in this litigation alleges Defendant inappropriately applied the FLSA tip credit on regular and overtime hours as a result of Defendant's requirement that servers at its Bristol, Johnson City, and Kingsport, Tennessee restaurants perform non-tip producing

1

work in excess of 20% of their shifts. Plaintiff asserts that if this allegation was proven at trial, all Plaintiff servers who joined this case would be entitled to a $7.25 per hour minimum wage for all hours worked through 40 in a work week (and $10.88 per hour for all overtime hours). Plaintiffs' damages, then, would be the entire difference between the tipped hourly rate Defendant paid them and the applicable regular or overtime rate had Defendant not utilized the tip credit for every hour worked.

Defendant denies these allegations and denies that the tip credit would be inapplicable for every hour worked, even if Plaintiffs' allegations are proven. Defendant has taken the position that the U.S. Department of Labor's recent Opinion Letter explicitly eliminates the so-called "20% rule" relating to tipped employees. *See* Opinion Letter of Acting Administrator, FLSA2018-27 (November 8, 2018). Plaintiffs dispute this interpretation of the recent Opinion Letter and deny that it is entitled to deference and that it is applicable to this case.

Notwithstanding the Opinion Letter, Plaintiffs also claim that Defendant's requirement that they perform non-tipped, or dual, jobs for some portion of each of their shifts is inconsistent with the regulations permitting employers to rely on the tip credit. Accordingly, even if Plaintiffs do not prevail on their claim that they are entitled to unpaid minimum wages for every hour worked at the lower tipped hourly rate, Plaintiffs claim that they are entitled to the full statutory minimum wage for each hour spent in a "dual job" performing non-tipped work at the tipped hourly rate.

The parties' Settlement Agreement, attached to Plaintiffs' Joint Motion as <u>Exhibit A</u>, includes the following salient provisions:

(1) Payments to the Plaintiffs for unpaid wages allegedly owed to them under the FLSA, listed in Exhibit A to the Settlement Agreement;

(2) A service payment to Named Plaintiff Wilson for her service as Named Plaintiff representing the collective in this action; and,

(3) A payment to Plaintiffs' counsel for their fees and advanced costs incurred in litigating this matter at an amount less than the amount of fees and expenses actually incurred.

As explained in greater detail below, the parties' Agreement represents a fair and reasonable compromise of the claims in this action.

**II.   THE PARTIES' SETTLEMENT FOR WAGES, ATTORNEYS' FEES, AND A SERVICE PAYMENT IS FAIR AND REASONABLE AND SHOULD BE APPROVED.**

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Rampersad v. Certified Installation LLC,* No. 1:12-cv-00032, 2012 WL 5906878, at *1 (E.D. Tenn. Nov. 26, 2012).

When parties bring a proposed settlement of an FLSA claim before a court, the court reviews the settlement to ensure that it is fair and reasonable. *Lynn's Food Stores*, 679 F.2d at 1353-55; *Rampersad*, 2012 WL 5906878, at *1. If a settlement in an FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. An FLSA settlement need only reflect a reasonable compromise of contested litigation involving a *bona*

3

Case 2:18-cv-00114-HSM-MCLC   Document 48   Filed 03/01/19   Page 3 of 10
PageID #: 193

*fide* dispute between the parties. *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11-cv-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012); *Rampersad*, 2012 WL 5906878, at *1; *Kritzer v. Safelite Solutions, LLC*, No. 2:10-cv-0729, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012); *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. Civ. A. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008) (citations omitted).

When reviewing a settlement to determine whether it is fair and reasonable, courts "should keep in mind the 'strong presumption' in favor of finding a settlement fair." *King v. My Online Neighborhood*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *3 (M.D. Fla. March 7, 2007) (citing *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977)). This is because "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *Id.* (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995) (other internal citations omitted)).

Furthermore, the standard for approval of an FLSA settlement is less stringent than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement. *Massiah v. Metroplus Health Plan, Inc.*, No. 11-cv-5669, 2012 WL 5874655, at *5 (E.D.N.Y. Nov. 20, 2012); *Trauth v. Spearmint Rhino Cos. Worldwide*, No. 09-cv-1316, 2012 WL 4755682, at *5 (C.D. Cal. Oct. 5, 2012); *cf. O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) (standards for certification of an FLSA collective action are less stringent than under Rule 23). Unlike in a Rule 23 class action, there are no absent class members in a Section 216(b) collective action. Rather, in a Section 216(b) collective action like this one, each Opt-In Plaintiff has affirmatively consented to join the case as a plaintiff and has agreed to be bound by any judgment or settlement reached by the Named Plaintiff and her counsel.

As part of this review, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). The FLSA's fee-shifting language provides that a prevailing plaintiff shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b). "Indeed, an 'award of attorneys' fees under the FLSA is mandatory . . . .'" *Thompson v. United Stone, LLC*, No. 1:14-cv-224, 2015 WL 867988, at *2 (E.D. Tenn. Mar. 2, 2015) (citations omitted). "[T]he purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'" *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984)).

The starting point in calculating a "reasonable" attorney fee is typically the determination of the fee applicant's "lodestar," which is the number of hours reasonably expended on the case multiplied by a reasonable hourly rate. *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). As the Supreme Court has held, "there is a 'strong presumption' that the lodestar figure is reasonable[.]" *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010); *see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986), *supplemented*, 483 U.S. 711 (1987) ("A strong presumption that the lodestar figure—the product of reasonable hours times a reasonable rate—represents a 'reasonable' fee is wholly consistent with the rationale behind the usual fee-shifting statute . . . ."). In short, there is "a strong presumption" that the lodestar represents a reasonable fee*, McCutcheon v. Finkelstein Kern Steinberg & Cunningham*, No. 3-11-cv-0696, 2013 WL

5

4521016, at *1 (M.D. Tenn. Aug. 27, 2013) (citation omitted), and an even stronger presumption exists where, as here, the agreed upon fee is below the lodestar amount.

> **A.    The proposed settlement represents a fair and reasonable compromise of Plaintiffs' claims.**

The proposed settlement represents a fair and reasonable compromise of Plaintiffs' claims. The parties have several *bona fide* disputes over the issues in this litigation, including, but not limited to: (i) whether the certification and trial of this case as a collective action is appropriate; (ii) whether Defendant's reliance on the tip credit provision of Section 3(m) of the FLSA, 29 U.S.C. § 203(m), to pay its servers was appropriate given its pay practices; (iii) whether Defendant's pay practices deprived Plaintiffs of pay for compensable time in accordance with the FLSA; (iv) whether the alleged uncompensated hours resulted in the employees working in excess of 40 hours per week or deprived Plaintiffs of unpaid minimum wage time as mandated by the FLSA; (v) the amount of such alleged uncompensated work time; (vi) the applicable statute of limitations, pursuant to 29 U.S.C. § 255; and (vii) the amount of damages, if any. The parties also dispute the impact of the Department of Labor's Opinion Letter on each of these contested issues and its applicability to this case.

With these issues in mind, the parties engaged in settlement negotiations, which included an analysis of Plaintiffs' full unpaid wage damages, assuming the tip credit was inapplicable for every hour worked and assuming the tip credit was inapplicable for time spent each shift in "dual jobs" performing non-tipped work. In light of the considerable risk, cost, and uncertainty of continued litigation, the parties submit and respectfully request that their Settlement Agreement be approved by the Court as fair and reasonable.

Importantly, the settlement amounts are approximately equal to what Plaintiffs would expect to recover in unpaid wages were they to pursue their claims at trial and prevail on the

6

claim that they spent nearly 20% of each shift in dual jobs performing non-tipped work. Thus, this settlement recognizes that the major dispute in this action regards whether and to what extent the Department of Labor's Opinion Letter applies to and affects the Plaintiffs' claims that they were inappropriately paid at the tipped hourly rate.

Likewise, the other terms of the Settlement Agreement are the product of good-faith, arms-length negotiations between the parties and their counsel. For example, Defendant has agreed to pay Named Plaintiff Coleman $1,000.00 as a service payment for her substantial efforts on behalf of the Opt-In Plaintiffs and her assistance to counsel, separate and apart from the settlement payments negotiated for Plaintiffs. Named Plaintiff Coleman's efforts in this case were substantial. For example, Named Plaintiff Coleman spoke extensively with counsel during the investigation stage of this case prior to the filing of the initial Complaint. *See* Declaration of David Garrison at ¶¶ 13 and 14 attached as Exhibit A. She also communicated regularly with her counsel during the negotiations that led to: (1) the agreed conditional certification of this case as a collective action, notice to similarly situated employees, and the assertion of claims by nearly 30 servers; and (2) the settlement in this case. *Id.* In large part due to her assistance and her willingness to challenge her former employer's pay practices, Named Plaintiff Coleman and her counsel were able to secure the participation of fellow servers as Plaintiffs as well as a favorable settlement that ensures that Plaintiffs will each receive payments that represent an amount of unpaid wages they could reasonably expect to secure if they prevailed on their dual jobs theory. *Id.*

"Service payment awards are common in class action settlement and routinely approved for the simple reasons to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Castillo v. Morales, Inc.*, No.

2:12-CV-650, 2015 WL 13021899, at *5 (S.D. Ohio Dec. 22, 2015) (internal quotation marks and citations omitted); *see also Williams v. Omainsky*, No. 15-0123-WS-N, 2017 WL 390272, at *5 (S.D. Ala. Jan. 27, 2017) (noting that service payments are supported by "ample precedent" and approving $5,000.00 service payments to five Named Plaintiffs, a total of $25,000.00, in an FLSA collective action). Here, the modest service payment requested is entirely separate from the settlement payments for wages and liquidated damages and, therefore, will "not diminish the amount any settlement class member would receive" under the settlement. *Williams*, 2017 WL 390272, at *5. Named Plaintiff Coleman's substantial efforts, and the outcome achieved as a result of those efforts, justifies this payment.

  **B. The proposed settlement provides for a payment of Plaintiffs' attorneys' fees and expenses that is fair and reasonable.**

Plaintiffs' counsel's actual fees incurred through the execution of this Agreement, based on the number of hours expended multiplied by the attorneys' and staff members' regular hourly billing rates is approximately $26,500.00. *See* Garrison Decl. at ¶ 6. Plaintiffs have also incurred expenses totaling $1,562.48 as of the date of this filing. *Id.* ¶ 6. Plaintiffs' counsel's fees are based on reasonable hourly rates as reflected in the declaration of undersigned counsel. *Id.* ¶ 7.

Nevertheless, to resolve Plaintiffs' claims for fees and expenses, Plaintiffs have agreed to resolve these claims for a payment of $14,000.00. This compromise amounts to a reduction of approximately fifty percent (50%). *Id.* ¶ 9. This reduction confirms that the agreed upon payment of fees and expenses does "not produce [a] windfall[]" to Plaintiffs' counsel and confirms its reasonableness. *Blum v. Stenson*, 465 U.S. 886, 897 (1984) (citations omitted). Thus, the "strong presumption" that Plaintiffs' counsel's lodestar is reasonable is even stronger here, where the agreed upon fees are below the lodestar.

In short, the agreed upon payment of $14,000.00 for fees and expenses is reasonable.

### III. CONCLUSION

For the reasons stated above, the parties submit that the Court should approve all aspects of the Settlement Agreement as fair and reasonable and enter the proposed order attached to their Joint Motion approving the settlement.

Dated: March 1, 2019

Respectfully submitted,

/s/ Edward N. Boehm, Jr. (with permission)
**EDWARD N. BOEHM, JR.**
FISHER & PHILLIPS LLP
Suite 3500
1075 Peachtree Street, NE
Atlanta, GA 30309
Telephone: 404-231-1400
Fax: 404-240-4249
tboehm@laborlawyers.com

**MARK S. DESSAUER, ESQ.**
HUNTER, SMITH, & DAVIS, LLP
PO Box 3740
Kingsport, TN 37664
(423) 378-8840
Fax: (423) 378-8840
dessauer@hsdlaw.com

*Attorneys for Defendant*

/s/ David W. Garrison
**DAVID W. GARRISON (No. 24968)**
**JOSHUA A. FRANK (No. 33294)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

**MICHAEL J. MOORE (GA Bar No. 520109)**
**AIMEE J. HALL (GA Bar No. 318048)**
Pope McGlamry, Kilpatrick, Morrison & Norwood, P.C.
3391 Peachtree Road, NE, Suite 300
P.O. Box 191625 (31119-1625)
Atlanta, GA 30326
Telephone: (404) 523-7706
Facsimile: (404) 524-1648
michaelmoore@pmkm.com
aimeehall@pmkm.com
efile@pmkm.com

*Attorneys for Plaintiff*

9

# CERTIFICATE OF SERVICE

  I hereby certify that a true and exact copy of the foregoing *Joint Memorandum of Law in Support of the Parties' Joint Motion for Approval of the Parties' Settlement Agreement* was filed electronically with the Clerk's office by using the CM/ECF system and served upon the parties as indicated below through the Court's ECF system on March 1, 2019:

**EDWARD N. BOEHM, JR.**
FISHER & PHILLIPS LLP
Suite 3500
1075 Peachtree Street, NE
Atlanta, GA 30309
Telephone: 404-231-1400
Fax: 404-240-4249
tboehm@laborlawyers.com

**MARK S. DESSAUER, ESQ.**
HUNTER, SMITH, & DAVIS, LLP
PO Box 3740
Kingsport, TN 37664
(423) 378-8840
Fax: (423) 378-8840
dessauer@hsdlaw.com

*Attorneys for Defendant*

        /s/ David W. Garrison
        DAVID W. GARRISON
        **BARRETT JOHNSTON**
        **MARTIN & GARRISON, LLC**