UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| MELONIE COLEMAN, on behalf of herself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>RICHANI RESTAURANT GROUP, LLC d/b/a JOHNNY BRUSCO'S NEW YORK STYLE PIZZA,<br><br>*Defendant.* | Case No. 2:18-cv-114<br><br>Judge Mattice<br>Magistrate Judge Corker |

## ORDER

Before the Court is the Joint Motion for Approval of the Parties' Settlement Agreement (Doc. 47), seeking settlement of the claims brought by Plaintiff Melonie Coleman under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

There are two ways in which FLSA claims may be settled and released by an employee. First, under § 216(c), employees may settle and release claims under the FLSA if payment of unpaid wages by the employer is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a lawsuit brought by an employee against his or her employer under § 216(b), the employee may settle and release FLSA claims if the parties present to the court a proposed settlement agreement and the court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *Rampersad v. Certified Installation, LLC.*, No. 1:12-cv-32, 2012 WL 5906878, at *1 (E.D. Tenn. Nov. 26, 2012). This second circumstance is before the Court, as Plaintiff brought claims pursuant to § 216(b) and now proposes a settlement agreement.

The Eleventh Circuit has detailed the circumstances justifying court approval of an FLSA settlement in the private litigation context, stating:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food*, 679 F.2d at 1354.

After reviewing the relevant documents, including the parties' Joint Motion and the proposed settlement agreement, the Court is satisfied the compromise between the parties is a fair and reasonable resolution of the *bona fide* dispute regarding Plaintiff's claims. Settlement negotiations were held at arms' length with the benefit of some informal discovery, and the parties were represented by counsel. The Settlement Agreement is a fair and reasonable compromise and considers each party's interests, benefits, and rights. Upon consideration of the facts reflected in the Memorandum in Support of the Joint Motion (Doc. 48) and accompanying affidavit, the Court has no reservations about approving this settlement.

Accordingly, the parties' Joint Motion (Doc. 47) is **GRANTED** and the settlement agreement is **APPROVED**. The parties are **FURTHER ORDERED** to file a joint stipulation of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) **on or before March 11, 2019.**

**SO ORDERED** this the 4th day of March, 2019.

                                             */s/ Harry S. Mattice, Jr.*
                                             HARRY S. MATTICE, JR.
                                         UNITED STATES DISTRICT JUDGE